## Case No. 11,976.

ROCKET v. The SOUTH AMERICA.

[Nowhere reported; opinion not now accessible.]

## Case No. 11,977.

Ex parte ROCKETT.

In re TAYLOR.

[2 Lowell, 522;[1] 15 N. B. R. 95.]

District Court, D. Massachusetts. Nov. 27, 1876.

BANKRUPTCY—CLERK—PRIVILEGED DEBT.

A person employed for a temporary service, in adjusting the books and accounts of a bankrupt, within six months before the bankruptcy, has a privileged debt against the estate for services as clerk to the extent of fifty dollars, under § 5101, Rev. St.

In bankruptcy.

LOWELL, District Judge. Rockett proved a debt at the first meeting for seventy-five dollars due him as an "expert." At the second meeting he asked to have fifty dollars of the amount put upon the footing of a privileged debt, alleging the services to have been those of a clerk. The assignee objected to this, and the register certifies the question, at the request of the parties. The evidence consists of the examination of the creditor himself, in which he says that he is an expert in book-keeping, and was employed by the bankrupt to straighten out his books, for seventy-five dollars, if the time employed was less than two weeks, which it was. He adds: "I examined his day-book, his cash-book, went

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

over his ledger account, went over his personal and private affairs, correspondence, and all matters pertaining to his business, and found out how he stood." The services were rendered within the time mentioned in Rev. St. § 5101, and the doubt is whether the moneys due are "wages due to any * * * clerk" for labor performed within that time.

The courts have construed such statutes liberally in favor of the privilege. In Thayer v. Mann, 2 Cush. 371, a manufacturer furnished the materials, which the petitioner took home, and he and his wife made the boots, at so much a pair; the petitioner was held to come within the description of "any person who shall have performed any labor as an operative in the service of the insolvent." So when the law of England gave a preference to clerks and servants, though not, as the courts construed the act, to ordinary workmen hired by the week, it was held that the mate of a ship was a servant of the master, who was a part owner (Ex parte Homborg, 2 Mont. D. & D. 642); and that the city editor of a newspaper was a servant of the proprietor (Ex parte Chipchase, 11 Wkly. Rep. 11); and the commissioners held that a commercial traveller was a clerk of the trader for whom he travelled, and the vice-chancellor affirmed the decision; but whether he considered the petitioner to be a clerk or a servant is not reported (Ex parte Neal, Mont. & M. 194).

In this case, I infer, from the brief statement of it which is before me, that the bankrupt, finding his affairs somewhat involved, and having been his own book-keeper, called in the petitioner, as a person of experience in such matters, to put his accounts into a presentable and intelligible shape, for his own information, and for bankruptcy, if that should become necessary, or for the inspection of his creditors. The work was that which the head clerk of any large house would do as matter of course, in the ordinary line of his duty: it was the work of a clerk, though of one who was only engaged for two weeks, and for this single occasion. If the petitioner had not called himself an expert, and had not made out his bill for "advice and assistance," the nature of his service would have been more readily seen. I think it comes fairly within the true meaning of the statute, reasonably and liberally construed, and that without departing in the least from the ordinary meaning of the words employed.

The question whether Rockett has a priority to the extent of fifty dollars is answered in the affirmative.